Mr. Gosh, good afternoon. You will speak first, so you come up here to the lectern and you have five minutes to argue your point, and then we'll hear from you, too. Good morning, Your Honor. Am I pronouncing your name right? Is it Gosh? Yes, Your Honor. Gosh Gosh. Yes, Your Honor. May it please this Court, the case asks whether an employer can defect discrimination claimed by blacklisting a pro-CIA employee for 20 years, controlling all evidence, then argument. He did not plead enough detail. Your Honor, my name is Shamal Gosh, I'm a pro-CIA applicant. I work for NYCHA since 2002. I applied for 300 positions, over 300 positions, never promoted. In 2006, I approached an unlawful research scientist hiring. I was blacklisted for 20 years. NYCHA interviewed me sporadically, but never hired me. In 2006, 2014, and 2025, and only after investigation began, in 2025, they altered my resume before the interview panel. The district court dismissed for lack of detail, but gave me no opportunity for discovery. That means zero discovery. Can I pause for a second, Mr. Gosh, because, I mean, the motion was made to dismiss the complaint. It was then referred to a magistrate judge who issued a report and recommendation, and the report and recommendation recommended that the case then be dismissed, and you were given an opportunity to object to that report and recommendation, but you never did, right? Yes, Your Honor. I did not respond to that recommendation because, at the time, I was sick and out of the country. All right, but, I mean, there was clear language in the report and recommendation that the consequence of not objecting would be that you would forfeit further judicial review of the magistrate judge's decision, right? You made that very clear, and you never made an objection or explained to the court why you should have more time to make a late objection. You didn't do anything like that, did you? Your Honor, I did appeal, and it was accepted. Well, the appeal, I mean, you certainly have a right to appeal, but the problem is that our case law says that when you don't object to the report and recommendation, you then forfeit further judicial review of the magistrate's ruling and the district court's subsequent dismissal. So, I think that's the challenge here, is that there was a very clear notice and then a failure on your part to object. I just want to make sure I'm not missing the facts. Have I stated the facts correctly? Yes, Your Honor. I was, I just repeat, I was sick at the time, and I was out of the country. The core point of this case is discovery, case 22. Judge Moshitz demanded employer control detail I cannot access without discovery. Continuing violation, this is 300 discrete act. It is not one, and it is a blacklisting 2026, and that infected all application for 20 years. Judge Moshitz's transcript, NYCHA lawyer admitted at the January 22 conference. They count foreign education. Judge Moshitz asked, 18 years, no promotion. Why? NYCHA had no answer. Minimum plea met. I plead, qualified candidate, 20 years rejection. Interviewed only under legal pressure. Resume tampering. That meet little John and the minimum standard. When Judge Moshitz gave me three opportunity to amend, actually it was every time when defendant request for extension of time. But no opportunity for discovery. And no guidance on what that fact she need. Each amendment added what I could from the public available record, civil service list, file, responses, my own email. But the smoking gun evidence, why? Young-Mang Lu was hired in 2006. That's right. Lacking qualification, who made the decision, what Young, Linda Young and Kerry Jew said about me, NYCHA control all of that. The district court held me to attorney-level position instead of considering my complaint liberal level. Under treatment and heinous that reverse civil error. All right. I think that we've gone over time. We have your briefs, so we certainly understand your arguments. Thank you, Mr. Grush. We'll now hear from Mr. Lupin on behalf of NYCHA. Good morning or afternoon, I think, at this point. Afternoon, yeah. Andrew Lupin for the New York City Housing Authority Law Department. It was not an abuse of discretion for the district court to conclude that the revised amended complaint failed to satisfy the pleading requirements of Rule 8. And it was appropriate for the court to deny further leave to amend given that the court had already afforded Mr. Grush two opportunities to submit amended pleadings and to no avail. I do think that Judge Magistrate Moses' report and recommendation is extremely thorough, very generous to Mr. Grush in trying to extract some form of claim from his pleading. I think the complaint is what it is. And what it is not is a short and plain statement. Well, I guess let me just ask you on a slightly different point. I mean, this is a situation where the magistrate judge issued a report and recommendation, explained that you have to effectively make your objections within 14 days. And if you don't do that, then you will forfeit further judicial review of that decision. Right? Correct. And there was no objection. And so the district court then adopted the report and recommendation. So does that mean that there is no right to appeal so that we should be dismissing? I think this court can absolutely dismiss on that basis. And then, well, I mean, I guess we could, in the interest of justice, I suppose, take the case or allow the case to go forward. Mr. Grush says that he was sick and out of the country. Is there anything in the record to indicate that was the case? Not that I'm aware of. No. Okay. Unless the court has any further questions, I'm happy to rest on our papers. Thank you, Your Honors. All right. Thank you.